IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Otis James Childers, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIV 05-2010 PHX ROS (VAM) |
| | ) | |
| State of Arizona, et al., | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Respondents. | ) | |

TO THE HONORABLE ROSLYN O. SILVER, U.S. DISTRICT JUDGE.

Otis James Childers ("petitioner"), filed a pro se Amended
Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.
Petitioner raises one ground for relief in the amended petition.
(Doc. 7 at p. 5).  Respondents filed an answer opposing the
granting of habeas relief.  (Doc. 15).  Petitioner filed a
traverse to the answer.  (Doc. 16).

**I. BACKGROUND**

On January 16, 2003, petitioner pleaded guilty in CR 2002-
016154 to solicitation to possess narcotic drugs for sale, a Class
4 felony, with one historical prior felony.  (Doc. 15 at Exhibits
E,F).  On February 18, 2003, the trial court sentenced petitioner
to 4.5 years in prison, with credit for 96 days of pre-sentence
incarceration.  (Doc. 15 at Exhibit G).  The trial court also
ordered that the sentence be served concurrently with sentences

petitioner was already serving for other crimes in CR 2001-014829 and CR 2001-012170.  (Id.).  Petitioner was given notice of his appeal and post-conviction relief rights and petitioner signed the document on February 18, 2003.  (Doc. 15 at Exhibit H).  In particular, the notice informed petitioner that he could seek review of his guilty plea and sentences via a petition for post-conviction relief if filed within 90 days of entry of judgment and sentence.  (See id.).

On July 1, 2003, petitioner filed a motion for production of documents, and on July 10, 2003, a motion requesting additional pre-sentence incarceration credit.  It appears that petitioner asked for credit for all the time served in his two previous cases (CR 2001-14829 and 2001-012170).  (Doc. 15 at Exhibits I and J). In a minute entry filed on August 11, 2003, the trial court informed petitioner it had no jurisdiction to consider his claims unless he filed a petition for post-conviction relief pursuant to Ariz.R.Crim.P. 32.1.  (Doc. 15 at Exhibit K).

On August 21, 2003, petitioner filed a Notice of Post-Conviction Relief again asking for additional presentence credit.  (Doc. 15 at Exhibit L).  On  September 11, 2003, the trial court dismissed the notice, stating petitioner "is entitled to presentence incarceration credit only from the time he was actually in custody in this case" and that the 96-day pre-sentence credit was correct.  (Doc. 15 at Exhibit M).

Petitioner filed a petition for review in the Arizona Court of Appeals challenging the dismissal and raising a new claim, namely, that he agreed to plead guilty in the current case (CR

2002-016154) "because [in a settlement conference] the Judge stated 'I only had to do the time I had left to do on "CR 2001-012170 and CR 2001-014829" because the plea on CR 2002-0161[5]4 will run concurrent with both of them.  If not for that statement from the judge [I] would have [gone] to trial ..."  Petitioner concludes that he was promised credit for the time served on his other two cases in the settlement conference.  (Doc. 15, Exhibit N at p. 3).  On January 12, 2005, the Arizona Court of Appeals denied the petition for review without comment.  (Doc. 15 at Exhibit O).  The Arizona Supreme Court denied review without comment on May 2, 2005.  (Id. at Exhibit Q).  On July 5, 2005 petitioner filed a federal habeas corpus petition.  On November 9, 2005, petitioner filed an amended petition raising the following ground for relief:

> **GROUND I:** THE 14TH AMENDMENT GUILTY PLEA WAS NOT KNOWING AND VOLUNTARY BECAUSE I WAS MADE TO BELIEVE THAT I WAS GOING TO ONLY DO THE TWO YEARS I HAD LEFT IN ANOTHER INCARCATION [sic] SETTING BEFORE BRINGING ME BEFORE THE SUPERIOR COURT.
>
> ON FEBRUARY 18, 2003 THE SUPERIOR COURT OF ARIZONA MARICOPA COUNTY SENTENCED THE PETITIONER IN THE CASE OF CR 2002-016154 TO A TERM OF 4 ½ YEARS IN PRISON TO RUN CONCURRENT WITH CR 2001-014829 AND CR 2001-012170. HOWEVER THE JUDGE STATED TO PETITIONER "YOU TAKE THIS PLEA YOU ONLY HAVE TO DO THE TWO YEARS YOU HAVE LEFT.["] I BELIEVED I WAS GOING TO BE RELISED [sic] 7-7-05 .... I WAS TOLD THE JUDGE STARTED MY TIME ALL OVER.  I LOST 368 DAYS OF [INCARCERATION] CREDITS BECAUSE OF THE PLEA, .... [WHEREFORE] THE PETITIONER PRAYS THAT THIS COURT SEES FIT TO GRANT THIS PETITION TO AMEND AND GRANT PETITIONER WITH 368 DAYS CREDIT BECAUSE THE JUDGE AND THE STATE ACTED IN AN "ODD" MANNER.

(Doc. 7 at p. 5).

## II. DISCUSSION

Respondents first seek denial of the amended petition on the

3

basis that the claim raised was not properly exhausted in state court.

**A. Anti-Terrorism and Effective Death Penalty Act of 1996**

Pursuant to 28 U.S.C. § 2254(d), the following standard for granting a federal habeas petition originating from a state court conviction applies:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable interpretation of the facts in light of the evidence presented in the State court proceedings.

The Act also codifies a presumption of correctness of state court findings of fact. 28 U.S.C. § 2254(e)(1) states that "a determination of a factual issue made by a State court shall be presumed to be correct" and the petitioner has the burden of proof to rebut the presumption by "clear and convincing evidence." As discussed more fully below, these provisions of the Act set the standard for the Court's evaluation of the merits.

The Act limits the district court's discretion to hold evidentiary hearings. 28 U.S.C. § 2254(e)(2) states:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--
>
> (A) the claim relies on--
>
> (i) a new rule of constitutional law, made retroactive

4

to cases on collateral review by the Supreme Court that was previously unavailable; or

(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

A petition may be denied on the merits even though it contains unexhausted claims, and the state does not waive exhaustion except by an express waiver on the record.  28 U.S.C. §2254(b)(2) and (3).

**B. Exhaustion and Procedural Default**

<u>1. Law Generally</u>

A federal court has authority to review a federal constitutional claim presented by a state prisoner if available state remedies have been exhausted.  <u>Duckworth v. Serrano</u>, 454 U.S. 1, 3 (1981)(per curiam); <u>McQueary v. Blodgett</u>, 924 F.2d 829, 833 (9th Cir. 1991).  The exhaustion doctrine, first developed in case law and codified at 28 U.S.C. § 2254, now states:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--

  (A) the applicant has exhausted the remedies available in the courts of the State; or

  (B)(i) there is an absence of available state corrective process; or

  (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

.......

1
2
3

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

4     The exhaustion requirement can be satisfied in one of two

5 ways.  First, a petitioner can fairly present his or her claims to

6 the Arizona Court of Appeals by properly pursuing them through

7 either the state's direct appeal process or through appropriate

8 post-conviction relief.  See Swoopes v. Sublett, 196 F.3d 1008,

9 1010 (9th Cir. 1999).  Only one of these avenues of relief must be

10 exhausted before bringing a habeas petition in federal court.

11 This is true even where alternative avenues of reviewing

12 constitutional issues are still available in state court.  Brown

13 v. Easter, 68 F.3d 1209, 1211 (9th Cir. 1995); Turner v. Compoy,

14 827 F.2d 526, 528 (9th Cir. 1987), cert. denied, 489 U.S. 1059

15 (1989).

16     Claims presented in habeas petitions are considered exhausted

17 if they have been ruled upon by the Arizona Court of Appeals.

18 However, if the sentence received is life imprisonment, the claims

19 must be presented to the Arizona Supreme Court.  Swoopes, 196 F.3d

20 at 1010.  Although a federal habeas petitioner may reformulate

21 somewhat the claims made in state court, Tamapua v. Shimoda, 796

22 F.2d 261, 262 (9th Cir. 1986), rev'd in part on other grounds by

23 Duncan v. Henry, 513 U.S. 364 1995), the substance of the federal

24 claim must have been "fairly presented" in state court.  Anderson

25 v. Harless, 459 U.S. 4, 6 (1982)(per curiam); Picard v. Connor,

26 404 U.S. 270, 278 (1971).  While the petitioner need not recite

27 "book and verse on the federal constitution," Picard, 404 U.S. at

28                                        6

277-78 (quoting <u>Daugherty v. Gladden</u>, 257 F.2d 750, 758 (9th Cir.
1958)), it is not enough that all the facts necessary to support
the federal claim were before the state courts or that a "somewhat
similar state law claim was made."  <u>Anderson</u>, 459 U.S. at 6.

As an alternative to presenting his claims to the highest
state court, a petitioner can satisfy the exhaustion requirement
by demonstrating that no state remedies remained available at the
time the federal habeas petition was filed.  <u>Engle v. Isaac</u>, 456
U.S. 107, 125 (n. 28)(1982); <u>White v. Lewis</u>, 874 F.2d 599, 602
(9th Cir. 1989).  However, this path is fraught with danger:

> If state remedies are not available because the
> petitioner failed to comply with state procedures and
> thereby prevented the highest state court from reaching
> the merits of his claim, then a federal court may refuse
> to reach the merits of that claim as a matter of comity.

<u>Buffalo v. Sunn</u>, 854 F.2d 1158, 1163 (9th Cir. 1988); <u>see also</u>
<u>Swoopes</u>, 196 F.3d at 1010 (determining that the exhaustion
requirement is satisfied if a petitioner presented a claim to the
Arizona Court of Appeals either on direct review or via a petition
for post-conviction relief).  This failure to comply with
reasonable state procedures is usually characterized as
"procedural default," "procedural bar," or a "waiver."  As
discussed, exhausting state remedies by means of a procedural
default is risky.  The burden is on the petitioner to show that he
or she has properly exhausted each claim.  Dismissal of the
petition is proper when the record does not show that the
exhaustion requirement is met.  <u>Cartwright v. Cupp</u>, 650 F.2d 1103,
1104 (9th Cir. 1981)(per curiam), <u>cert. denied</u>, 455 U.S. 1023
(1982).  If the unavailability of state remedies is in no way the

7

1    fault of the petitioner or his or her counsel, the exhaustion

2    requirement will likely be satisfied and a federal court may reach

3    the merits of the petitioner's habeas claims.

4         In many cases, however, the lack of available state remedies

5    is a direct result of the petitioner's failure to avail himself of

6    the state remedies in a timely or procedurally correct manner.  In

7    such instances, the petitioner has procedurally defaulted, and may

8    not obtain federal habeas review of that claim absent a showing of

9    "cause and prejudice" sufficient to excuse the default.[1]  <u>Reed v.</u>

10   <u>Ross</u>, 468 U.S. 1, 11 (1984); <u>Wainwright v. Sykes</u>, 433 U.S. 72, 90-

11   91 (1977); <u>see also</u> <u>Teague v. Lane</u>, 489 U.S. 288, 298 (1989);

12   <u>Tacho v. Martinez</u>, 862 F.2d 1376, 1380 (9th Cir. 1988).  "Cause"

13   is the legitimate excuse for the default.  <u>Thomas v. Lewis</u>, 945

14   F.2d 1119, 1123 (9th Cir. 1991).  "Prejudice" is actual harm

15   resulting from the alleged constitutional violation.   <u>Id.</u>

16        "Because of the wide variety of contexts in which a

17   procedural default can occur, the Supreme Court 'has not given the

18   term "cause" precise content.'" <u>Harmon v. Barton</u>, 894 F.2d 1268,

19   1274 (11th Cir.)(quoting <u>Reed</u>, 468 U.S. at 13), <u>cert. denied</u>, 498

20   U.S. 832 (1990).  The Supreme Court has suggested, however, that

21   cause should ordinarily turn on some objective factor external to

22   petitioner, for instance:

23           ... a showing that the factual or legal basis for a
             claim was not reasonably available to counsel, (citation
24           omitted), or that "some interference by officials,"
             (citation omitted), made compliance impracticable, would
25

_____

26       [1]Appellate defaults are examined under the same standards that
     apply when a defendant fails to preserve a claim during trial.
27   <u>Smith v. Murray</u>, 477 U.S. 527, 533 (1986).

28                                    8

1  constitute cause under this standard.

2  Murray v. Carrier, 477 U.S. 478, 488 (1986); see also Harmon, 894

3  F.2d at 1275; Allen v. Risley, 817 F.2d 68, 69 (9th Cir. 1987).

4  The standard is one of discretion intended to be flexible and

5  yielding to exceptional circumstances.  Hughes v. Idaho State

6  Board of Corrections, 800 F.2d 905, 909 (9th Cir. 1986).  The

7  "cause and prejudice" standard is equally applicable to pro se

8  litigants, Harmon, 894 F.2d at 1274; Hughes, 800 F.2d at 908,

9  whether literate and assisted by "jailhouse lawyers," Tacho, 862

10  F.2d at 1381; illiterate and unaided, Hughes, 800 F.2d at 909, or

11  non-English speaking.  Vasquez v. Lockhart, 867 F.2d 1056, 1058

12  (9th Cir. 1988), cert. denied, 490 U.S. 1100 (1989).

13  Finally, if a claim has been found to be procedurally

14  defaulted, the failure to establish cause for the default may be

15  excused under exceptional circumstances.  For instance:

16  ... in an extraordinary case, where a constitutional
violation has probably resulted in the conviction of one
17  who is actually innocent, a federal habeas court may
grant the writ even in the absence of showing cause for
18  the procedural default.

19  Murray, 477 U.S. at 496; see also Schlup v. Delo, 513 U.S. 298,

20  327 (1995)(to meet the Murray standard, "the petitioner must show

21  that it is more likely than not that no reasonable juror would

22  have convicted him in the light of the new evidence").

23  2. Application of Law to Facts of the Case

24  Respondents assert petitioner did not properly exhaust his

25  state remedies regarding his habeas claim.  Specifically, they

26  contend petitioner only alleged before the trial court a claim

27  that he was wrongfully denied 368 days of pre-sentence

28  9

incarceration when he was not given credit for time served on his two previous convictions, CR 2001-012170 and CR 2001-014829. However, when he filed a petition for review, he raised a new claim that his plea was not voluntary, knowing and intelligent because the trial judge induced him to plead guilty by telling him he would receive additional pre-sentence incarceration credit for time served on his prior cases.

Upon review, the claim raised in the amended habeas petition was not presented in petitioner's Rule 32 notice filed in the trial court.  Although, petitioner did raise the claim presented in the amended petition in his petition for review to the Arizona Court of Appeals, that court could not consider a claim not first presented to the trial court.  <u>See</u> Ariz.R.Crim.P. 32.9(c)(limiting claims in petition for review to those claims which were presented to the trial court).  Because petitioner did not raise, in his Rule 32, the claim now presented to this Court, the claim has not been properly exhausted.  <u>See</u> <u>Castille v. Peoples</u>, 489 U.S. 346, 351 (1989) ("where the claim has been presented for the first and only time in a procedural context in which its merits will not be considered unless 'there are special and important reasons therefor," .... Raising the claim in such a fashion does not, for the relevant purpose, constitute fair presentation.");  <u>Roettgen v. Copeland</u>, 33 F.3d 36, 38 (9th Cir. 1994) ("Submitting a new claim ... in a procedural context in which its merits will not be considered absent special circumstances does not constitute fair presentation.").

Moreover, even if petitioner had presented this issue to the

10

trial court, review of his petitions for review to both the
Arizona Court of Appeals and Arizona Supreme Court show that
petitioner never presented the claim now raised in the amended
habeas petition in the state courts as a violation of federal law
or the U.S. Constitution.  (See Doc. 15 at Exhibits N and P).  As
a result, the federal nature of petitioner's habeas claim has not
been properly exhausted.  The time to present such a claim in
state court has long passed.  Petitioner has presented no
convincing basis for failing to properly raise the federal nature
of his habeas claim in state court.  Therefore, the claim is
procedurally defaulted.

The Court may ignore the procedural default if petitioner can
show that failure to consider his claim will result in his
conviction even though he is actually innocent.  See Murray, 477
U.S. at 496; Schlup, 513 U.S. at 327.  Petitioner has made no such
showing, nor does he allege actual innocence (only failure to
correctly calculate his pre-sentence incarceration credit and
whether this rendered his guilty plea invalid).  As a result,
petitioner's habeas claim has been procedurally defaulted and
should be denied.

**IT IS THEREFORE RECOMMENDED** that the Amended Petition for
Writ of Habeas Corpus be denied.

This Report and Recommendation is not an order that is
immediately appealable to the Ninth Circuit Court of Appeals.  Any
notice of appeal filed pursuant to Rule 4(a)(1), Federal Rules of
Appellate Procedure, should not be filed until entry of the
district court's order and judgment.  The parties shall have ten

(10) days from the date of service of this Report and Recommendation within which to file specific written objections with the Court.  Thereafter, the parties have ten (10) days within which to file a response to the objections.  Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's Report and Recommendation.

DATED this 28th day of March, 2006.

_Virginia A. Mathis_
Virginia A. Mathis
United States Magistrate Judge